**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS JAVIER PICHE-LANDAVERDE,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-73766<br><br>Agency No. A094-168-460<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Francis Javier Piche-Landaverde, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Piche-Landaverde failed to establish that he suffered harm or has a future fear of harm on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We lack jurisdiction to consider Piche-Landaverde's unexhausted contention that he is a member of a particular social group of males with prior political involvement that have been previously targeted by gang elements that the El Salvadorean government is unable and unwilling to control. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Because Piche-Landaverde failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Piche-Landaverde does not challenge the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Finally, Piche-Landaverde failed to overcome the presumption that the IJ considered all of the evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We reject his contention that he was denied due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to establish a due process violation).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**